
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant - Appellant. | No. 13-50614<br><br>D.C. No. 3:12-cr-03269-BEN-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOHN DOE,<br><br>Defendant - Appellant. | No. 14-50015<br><br>D.C. No. 3:11-cr-04537-MMA-1 |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Defendant-Appellant John Doe,[1] in consolidated cases, appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326 and his sentence for violating the terms of his supervised release imposed for a prior conviction of the same offense. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. The district court properly excluded Doe's proposed public authority defense. While criminal defendants have a constitutional right to "'a meaningful opportunity to present a complete defense,'" *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (*quoting Crane v. Kentucky*, 476 U.S. 683, 690 (1986)), this right is not unlimited. A district court may prevent a defendant from presenting a defense that lacks sufficient evidence or fails as a matter of law. *See United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) (*quoting United States v. Morton*, 999 F.2d 435, 437 (9th Cir. 1993)) (noting that only "legally cognizable" defense theories will be permitted). Doe's proposed defense fails as a matter of law because he did not show that the state government official upon whom he purportedly relied had the authority to permit his violation of federal immigration

---

[1] We grant defendant-appellant's motion to refer to him by a pseudonym in this disposition.

2

law.  The public authority defense requires the government agent to have authority to authorize the unlawful act at issue.  *See United States v. Matta-Ballesteros*, 71 F.3d 754, 770 n.12 (9th Cir. 1995), *as amended*, 98 F.3d 1100 (9th Cir. 1996); *United States v. Burrows*, 36 F.3d 875, 881-82 (9th Cir. 1994).  *United States v. Bear*, 439 F.3d 565 (9th Cir. 2006), did not hold otherwise.

2.  The district court did not abuse its discretion in denying Doe's motion for discovery from various federal agencies related to his work as a paid state informant.  "A defendant is not entitled to government documents relating to alleged [federal agency] involvement in his criminal activity where no sufficient showing of potential relevance has been made under Fed. R. Crim. P. 16." *Matta-Ballesteros*, 71 F.3d at 770.  Because the district court properly excluded Doe's public authority defense, the requested discovery was no longer relevant to the proceedings and the district court properly denied his motion.  As such, the district court did not err by refusing to give the public authority defense jury instruction. *See United States v. Doe*, 705 F.3d 1134, 1144 (9th Cir. 2013).

3.  The district court did not commit procedural error when sentencing Doe for violating the terms of his supervised release.  Reviewing the record, it is clear that the court gave Doe "a chance to argue for a sentence [he] believe[d] . . . appropriate" and "sufficiently [explained the sentence imposed] to permit

3

meaningful appellate review." *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).  The judge "might have said more" about Doe's argument, but the record "make[s] clear . . . [the] reasoning underl[ying] the judge's conclusion." *Rita v. United States*, 551 U.S. 338, 359 (2007).  The court's "failure to do more does not constitute plain error." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

**AFFIRMED.**